IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| TERRANCE G. WATKINS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 10-3154 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

<u>OPINION</u>

RICHARD MILLS, U.S. District Judge:

This cause is before the Court on the Petitioner's motion under 28 U.S.C. § 2255. The Government has filed a response to the motion. Upon reviewing the record, the Court concludes that a hearing on the motion is not warranted.

On December 18, 2008 Petitioner Terrance J. Watkins was charged by Criminal Complaint with possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On January 7, 2009, the Petitioner was charged in an Indictment with possession of 50 or more grams of cocaine base "crack" with intent to distribute, in violation

of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).

On February 3, 2009, Assistant Federal Public Defender Robert Scherschligt moved to withdraw as counsel for the Petitioner. The Court granted the motion. On the same date, Bernard Shelton entered his appearance as retained counsel for the Petitioner.

On July 9, 2009, the Court allowed the motion of Mr. Shelton to withdraw as attorney for the Petitioner. Mr. Scherschligt was again appointed on the same date. The Court allowed the Petitioner's motion for a change of counsel at a hearing on August 12, 2009, and appointed Douglas J. Quivey to represent the Petitioner.

On January 20, 2010, the Government filed a written notice of the Petitioner's prior felony drug conviction. On the same date, before former United States District Judge Jeanne E. Scott, the Petitioner changed his plea from not guilty to guilty pursuant to a written agreement.

On April 27, 2010, the Petitioner filed a response to the Government's notice of prior felony drug conviction. On May 12, 2010, the Government moved to amend the notice of prior felony drug conviction

2

and replied to the Petitioner's response.

At sentencing on May 17, 2010, the Court sustained the Petitioner's objection to the 114 grams of cocaine base "crack" listed in the PSR and found him responsible for 57 grams of cocaine base "crack," allowed the Government's motion to amend the notice of prior felony drug conviction, and denied the Petitioner's objection to the notice.

Judge Scott sentenced the Petitioner to the statutory minimum of 240 months imprisonment. He was also sentenced to serve 10 years supervised release and ordered to pay the $100 special assessment.

On May 27, 2010, the Court received a letter from the Petitioner wherein he complained about his attorney's performance. The Court conducted a hearing on June 10, 2010, and found that Petitioner's request to set aside his plea and the complaints concerning his attorney were without merit. However, the Court vacated the portion of the plea agreement which precluded him from bringing a motion under 28 U.S.C. § 2255 and reinstated his habeas rights.

On June 30, 2010, the Petitioner filed his motion under § 2255. On

August 31, 2010, the Government filed its response.

II. ANALYSIS

The Petitioner's motion under § 2255 raises four grounds.  <u>First</u>, the Petitioner claims that counsel advised him to plead guilty on the basis that the plea agreement was a "good deal" from the Government.  <u>Second</u>, the notice of prior felony conviction under 21 U.S.C. § 851 contained an erroneous case number and counsel presented no authority and did not argue that the notice was defective and could not be used to enhance the Petitioner's sentence.  <u>Third</u>, there was insufficient evidence to support the "intent to distribute" element of his conviction.  <u>Fourth</u>, the Petitioner's attorney should have claimed that the amount of cocaine base "crack" he possessed had been tampered with by the Government.

A. <u>Legal standards</u>

A prisoner serving a federal sentence is entitled to habeas relief upon showing that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

authorized by law." 28 U.S.C. § 2255(a).

In examining claims of ineffective assistance of counsel, courts use the two-part inquiry discussed in Strickland v. Washington, 466 U.S. 668, 687 (1984). See Hutchings v. United States, 618 F.3d 693, 696 (7th Cir. 2010). To prevail on such a claim, "a petitioner must demonstrate that his counsel's assistance was objectively unreasonable and resulted in a substantial risk of prejudice." Brown v. Finnan, 598 F.3d 416, 419 (7th Cir. 2010). There is a presumption that an attorney advised his client effectively. See Hutchings, 618 F.3d at 696-97. A petitioner establishes prejudice by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In order to establish prejudice in the pleading context, a petitioner must show that "there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct." Hutchings, 618 F.3d at 697. The Petitioner must do more than simply claim "that he would have insisted on going to trial;" he must also produce "objective evidence

5

that he would not have pled guilty." Id. "Objective evidence includes the nature of the misinformation provided by the attorney to the petitioner and the history of plea negotiations." Id.

B. Petitioner's guilty plea

In his first ground for relief, the Petitioner claims that he pled guilty because his attorney told him it was a good deal and that he would be looking at serving less time than if he proceeded to trial. As the Government states in its response, the Petitioner does not actually raise a complaint. Rather, he makes a statement that does not rise to a meritorious habeas issue.

The implication of the Petitioner's claim is that the term of 240 months was not as favorable as he had hoped. As the Government states, however, the imprisonment term could have been much more severe. The record shows that Petitioner has been convicted of several prior felony drug convictions, including at least four within ten years of this offense. If the Government had provided notice of two or more prior felony drug convictions, the Petitioner would have faced a sentence of life in prison

without the possibility of parole. See 21 U.S.C. §§ 841(a)(1) & (b)(1)(A).

The Government further states that Petitioner was caught by law enforcement agents in actual possession of a large amount of crack cocaine that he admitted (post-Miranda) that he intended to distribute. Based on this and the sentence he could potentially have faced, it appears that the plea agreement was a "good deal" for the Petitioner. Regardless of whether it was a favorable disposition, however, this ground does not constitute a basis for habeas relief.

### C. Notice of prior felony drug conviction

The Petitioner's next asserted ground is that counsel did not argue the notice of prior felony drug conviction filed by the Government, which contained an erroneous case number, was defective. The initial notice erroneously reported that the previous conviction was for manufacture/delivery of a controlled substance rather than felony possession of a controlled substance. The record shows that counsel did file a response to the Government's notice. Subsequently, the Government filed a response which provided the accurate case number and offense of

7

conviction.

The notice provided complied with 21 U.S.C. § 851. Accordingly, the Petitioner's second ground is without merit.

### D. "Intent to distribute" element of offense

The Petitioner next appears to claim that there is insufficient evidence to support the "intent to distribute" element of his offense of conviction. He claims that the statement he is alleged to have made was not a signed statement. The Petitioner states his attorney told him that he was charged with that element because of the amount of drugs.

The Government notes that Judge Scott reviewed the plea agreement with the Petitioner in open Court before accepting his guilty plea. The Petitioner stated under oath that the Factual Basis was accurate. The Factual Basis provides in part, "When the defendant arrived that day in Springfield at approximately 4:00 p.m., he possessed and was carrying approximately two ounces of cocaine base "crack" which he intended to deliver to R.J. in Jacksonville, Illinois."

In addition to the Petitioner's statement under oath, the amount of

8

drugs he possessed–which the Government claims has a street value of approximately $2,000–suggests that drugs were not for the Petitioner's personal use.

Accordingly, the Petitioner's third ground for habeas relief is without merit.

### E. Alleged tampering with drugs

The Petitioner next alleges that there are two different police reports. One states that the drugs seized from him weighed 58 grams; the other states that the drugs weighed 62 grams. The lab report states that the drugs weighed 82 grams. The Petitioner claims that he asked counsel to challenge these amounts. Counsel apparently told him that he would wait until sentencing to challenge the amount attributed to the Petitioner.

The Government states that paragraph 10 of the affidavit in support of the criminal complaint states that the amount of drugs seized from him weighed 58 grams. There is no other reference to weight in the affidavit. The substance was placed into a DEA evidence bag (with a chain of custody log) and sent to the DEA laboratory. The total weight of the substance

9

seized from the Defendant and the DEA evidence bag when received by the laboratory was 82.7 grams. This suggests that the DEA evidence bag weighed approximately 25 grams (82.7 less 58). Accordingly, there is no evidence of tampering.

Additionally, the Government notes that in the plea agreement, the Petitioner stipulated to carrying approximately two ounces of cocaine base "crack," which was determined to weigh 57.0 grams.

Accordingly, the Petitioner's final ground for habeas relief is without merit.

## III. CONCLUSION

The Petitioner is not entitled to habeas relief. He has not established that counsel's performance was objectively unreasonable and has not shown prejudice under <u>Strickland</u> as to any ground. Therefore, the Petitioner's motion under § 2255 will be Denied.

The Petitioner has not made a substantial showing of the denial of a constitutional right under 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, therefore, the Court

declines to issue a certificate of appealability.

Ergo, the Petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [d/e 1] is DENIED.

The Court declines to issue a certificate of appealability.

ENTER: July 21, 2011

       FOR THE COURT:

                                          s/Richard Mills
                                          United States District Judge